IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ALEX WAKEFIELD                                                                                    PLAINTIFF

V.                                            NO. 13-5234

CAROLYN COLVIN                                                                                    DEFENDANT
Acting Commissioner, Social Security Administration

## **MEMORANDUM OPINION**

Plaintiff, Alex Wakefield, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for child's insurance benefits (CDB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current applications for CDB and SSI on June 23, 2011, alleging an inability to work since June 22, 2011, due to Asperger's Syndrome, attention deficit hyperactivity disorder (ADHD), depression, anxiety, and suicidal ideations. (Tr. 148, 190, 197). An administrative hearing was held on July 25, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 25-64).

By written decision dated November 1, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - pervasive developmental disorder, ADHD, mathematics disorder, borderline intellectual functioning (BIF), depressive disorder, not otherwise specified (NOS), and anxiety disorder, NOS. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal

the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: he is able to perform work where interpersonal contact is incidental to the work performed and does not involve contact with the general public; the complexity of tasks is learned and performed by rote, with few variables and use of little judgment; and the supervision required is simple, direct, and concrete.

(Tr. 15). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be able to perform such jobs as a dishwasher, machine tender, and assembler. (Tr. 60-61).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 14, 2013. (Tr. 2-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

The Court has reviewed th entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 416.920. Only if

the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

### III.  Discussion:

Plaintiff raises the following arguments on appeal: 1) The ALJ erred by failing to properly evaluate the opinion evidence in the record; and 2) The ALJ erred because substantial evidence does not support the ALJ's credibility finding. (Doc. 12).

#### A.  Opinion Evidence:

The SSA regulations set forth how the ALJ weighs medical opinions. The regulations provide that "unless [the ALJ] give[s] a treating source's opinion controlling weight . . . [the ALJ] consider[s] all of the following factors in deciding the weight [to] give to any medical opinion": (1) examining relationship, (2) treating relationship; (3) supportability of the opinion; (4) consistency; (5) specialization; and (6) "any factors [the applicant] or others bring[s] to [the ALJ's] attention." 20 C.F.R. §§ 404.1527(d), 416.927(d).

The Plaintiff alleges that the ALJ committed legal error by failing to explain why the opinion of the mental consultative examiner, Dr. Scott McCarty, Ph.D., was not adopted. (Doc. 12). In the decision, the ALJ included a detailed synopsis of the examination and medical opinion. (Tr. 16). Dr. McCarty stated that Plaintiff exhibited good eye contact during the evaluation, which was in contrast to his mother's reports. (Tr. 16, 265). He added that the Plaintiff was calm and cooperative and exhibited good testing attitude and persistence. (Tr. 16, 265).

Dr. McCarty diagnosed him with pervasive developmental disorder NOS by history,

ADHD, combined type, mathematics disorder, and BIF. (Tr. 16, 266). The Plaintiff's mother reported he could perform activities of daily living such as dressing, bathing, and driving, and he was learning how to cook, shop, and use a checkbook. (Tr. 16, 266-267). Dr. McCarty acknowledged Plaintiff's somewhat limited interpersonal skills would result in limitations at times. However, he found Plaintiff communicated and interacted in a reasonably socially adequate, intelligible, and effective manner. (Tr. 16, 267). Plaintiff's borderline comprehension suggested he would have mild to moderate difficult understanding, remembering, and carrying out instructions. (Tr. 16, 267). Nevertheless, Plaintiff sustained sufficient ability to attend and sustain concentration on basic tasks and persistence at tasks to completion. (Tr. 16, 267). Dr. McCarty also found the Plaintiff had a good processing speed in order to complete tasks in an adequate time frame. (Tr. 16, 267).

The Court disagrees with the Plaintiff's arguments that Dr. McCarty's opinion directly conflicts with the RFC and that the ALJ implicitly rejected Dr. McCarty's opinion. (Doc. 12). The Court finds the ALJ properly considered Dr. McCarty's opinion. The severe impairments determined by the ALJ include the same impairments diagnosed by Dr. McCarty. (Tr. 12, 266). The Court also finds that Dr. McCarty's evaluation of the Plaintiff's adaptive functioning does not preclude the performance of unskilled work. See Masterson v. Barnhart, 363 F.3d 731, 738 (8th Cir. 2004) (ALJ properly relied on consultative examinations that are consistent with treating records).

Regarding the opinion provided by Ms. Leslie Johnson, M.S., L.P.E., and Dr. Letitia Hitz, Ph.D., examiners for Arkansas Rehabilitation Services, the Plaintiff alleges the ALJ committed legal error by failing to explain why their opinion was not adopted. (Doc. 12). The

Court again finds the ALJ included a detailed synopsis of the examination and medical opinion. (Tr. 16). They wrote that the Plaintiff was cooperative and put forth good effort during testing. (Tr. 16, 306). The Plaintiff reported that he felt he had outgrown many of his ADHD symptoms. (Tr. 16, 306-307). Test results revealed he was functioning in the below average to average range of intellectual and academic ability. (Tr. 16, 309). Ms. Johnson and Dr. Hitz found the Plaintiff was capable of performing or being trained to perform a variety of jobs with on-the-job training or vocational-technical school. (Tr. 16, 309). They recommended extensive vocational guidance and counseling, and in their opinion, provided these services, Plaintiff may reasonably be expected to sustain independent function by means of competitive employment. (Tr. 16, 309).

The Court again disagrees with the Plaintiff's arguments that Ms. Johnson and Dr. Hitz's opinion directly conflicts with the RFC and that the ALJ implicitly rejected their opinion. (Doc. 12). In fact, their opinion states the Plaintiff is capable of working and it does not conflict with the RFC of unskilled work.

Regarding the opinion provided by Ms. Courtney Brian, L.C.S.W., and Dr. Cynthia Hughes, D.O., the Plaintiff alleges the ALJ erred by rejecting their opinion. (Doc. 12). Ms. Brian is a medical source that provided counseling to the Plaintiff, but she is not considered an "acceptable medical source." See 20 C.F.R. §§ 404.1502, 416.902; S.S.R. 06-03p. Dr. Hughes is the Plaintiff's treating primary care physician. In the opinion, she found the Plaintiff had marked limitations in multiple areas with one example being his ability to understand, remember, and carry out very short and simple instructions and detailed instructions. (Tr. 17, 330).

Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. Id. "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." Wildman v. Astrue, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Holmstrom v. Massanari, 270 F.3d 715, 720 (8th Cir. 2001).

In the decision, the ALJ found that the opinion provided by Ms. Brian and Dr. Hughes was not credible. (Tr. 17). The Court finds the ALJ properly discounted their opinion by stating that there was simply no objective findings in any of the medical evidence of record which supported such severe limits. (Tr. 17). The Court has reviewed the entire record and concurs with the ALJ. The ALJ also discounted the opinion by noting the Plaintiff testified that Ms. Brian checked the boxes and then took the assessment to Dr. Hughes for her signature, so in essence the opinion is by the counselor and not by Dr. Hughes. (Tr. 17, 29). In light of the Plaintiff's testimony and the lack of evidentiary support for their opinion, the Court finds in this instance that the ALJ properly considered all of the evidence in determining the lack of credibility of the opinion provided by Ms. Brian and Dr. Hughes.

Regarding the Mental RFC opinion provided by state agency consultant, Dr. Susan

-7-

Daugherty, Ph.D., the Plaintiff alleges the ALJ erred by giving substantial weight to the opinion. (Doc. 12). In her opinion, Dr. Daugherty found that the Plaintiff was able to perform work where interpersonal contact is incidental to work performed, e.g. assembly work; complexity of tasks is learned and performed by rote, few variables, little judgment; [and] supervision required is simple, direct, and concrete (unskilled). (Tr. 274). The ALJ gave the opinion substantial weight. (Tr. 18).

The Court finds in this instance that the ALJ properly considered all of the evidence in determining the Plaintiff's residual functional capacity in light of Plaintiff's testimony and the lack of evidentiary support for his allegations. See Page v. Astrue, 484 F.3d, 1040, 1043 (8th Cir. 2007) (the medical evidence, state agency physician opinions, and claimant's own testimony were sufficient to determine RFC); Stormo v. Barnhart, 377 F3d 801, 807-08 (8th Cir. 2004) (medical evidence, state agency physicians' assessments, and claimant's reported activities of daily living supported RFC finding). The Plaintiff also argues Dr. Daughtery's opinion conflicts with Dr. McCarty's findings. (Doc. 12). Earlier, the Court found that Dr. McCarty's opinion does not conflict with the RFC, and therefore his findings do not conflict with Dr. Daughtery's opinion. Based on the foregoing, the ALJ did not err in evaluating the opinion evidence in the record.

### B.     Credibility Findings:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints, including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional

restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322(8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966(8th Cir. 2003).

The Plaintiff alleges the ALJ erred because substantial evidence does not support the ALJ's credibility finding. (Doc. 12). More specifically, the Plaintiff argues the ALJ committed legal error by failing to consider that Plaintiff, despite treatment, had not effectively managed his symptoms. (Doc. 12). In the decision, the ALJ found several reasons to discount the Plaintiff's credibility. For example, he was able to complete high school without repeating grades, despite his history of treatment for ADHD with oppositional defiance and his classification as a special education student. (Tr. 15). In addition, his activities of daily living were numerous, with his ability to tend to his personal care, prepare simple meals, perform household chores, drive a car, go shopping, watch television, play games, go to the movies, use a computer, and visit with others. (Tr. 164-171). The Court also finds after a review of the medical records that the argument that his treatment was not effective is unfounded. For instance, on July 12, 2012, Ms. Brian wrote that the Plaintiff benefits from medications and therapy. (Tr. 382-383).

Because the ALJ's credibility determination was supported by good reasons and substantial evidence, the Court concludes that it is entitled to deference. See Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006). Based on the foregoing, as well as those reasons given in

-9-

Defendant's well-stated brief, the Court finds that there is substantial evidence to support the ALJ's credibility findings.

**IV.** **Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff's benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 30th day of September, 2014.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)